UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTONIO ELPIDIO GOMEZ-
ALCINA,

      Petitioner,

v.

Case No. 2:25-cv-1164-KCD-DNF

KRISTI NOEM, GARRET RIPA,
MATTHEW MORDANT, PAMELA
BONDI, TODD M. LYONS,

      Respondents.
_____/

## ORDER

Before the Court is Petitioner Antonio Elpidio Gomez-Alcina's Motion to Extend Temporary Restraining Order. (Doc. 14.) The Government opposes the motion. (Doc. 15.)

Sometimes, the simplest answer is the best one. And here, the simple answer is that the Court cannot extend an order that no longer exists. But even if we ignore that procedural hurdle, a hard look at the law reveals a deeper problem: the original temporary restraining order should never have been issued.

## I. Background

Petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement (ICE). This comes after he was previously released from

immigration custody on an "Order of Supervision (OSUP) issued [in] 2015." (Doc. 1 ¶ 20.)[1] According to Petitioner, "he has lived lawfully in the community pursuant to OSUP and has remained in full compliance with all conditions of his supervision." (*Id.*) Even so, when Petitioner "appeared for his [latest] routine ICE check-in," he was detained without notice (*Id.* ¶ 23.)

Petitioner has filed a habeas corpus petition challenging his detention and the "unlawful revocation of his longstanding Order of Supervision." (*Id.* at 2.) He claims his "re-detention bears no reasonable relationship to any legitimate purpose" and thus violates the Due Process clause. (*Id.* ¶ 61.) He also claims that ICE revoked the "OSUP without prior notice, without a meaningful opportunity to be heard, and without any individualized findings that he posed a danger to the community or a risk of flight, as required by statute and regulation." (*Id.* at 2.)

The Court previously entered a temporary restraining order that "enjoined [the Government] from removing Petitioner from the United States or the Middle District of Florida." (Doc. 7 at 7.) The TRO had an expiration date of January 2, 2026. (*Id.*) As mentioned, Petitioner now "moves the Court for an order extending the TRO . . . for an additional 14 days." (Doc. 14 at 1.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## II. Discussion

We start with the timeline, which is fatal to Petitioner's request. By its own terms—and in compliance with Federal Rule of Civil Procedure 65(b)(2)—the Court's TRO expired on January 2, 2026. Petitioner did not file the instant motion until several weeks later. A court cannot "extend" an order that has already expired; there is simply nothing left to extend. *See, e.g.*, *Tuck v. Wells Fargo Home Mortg.*, No. C 12-04002 DMR, 2012 WL 6025786, at *3 n.6 (N.D. Cal. Dec. 4, 2012). When the clock ran out on January 2, the status quo ante was restored. To grant relief now would require issuing a brand new injunction, not extending an old one. And for the reasons that follow, the Court declines to do so.

In retrospect, the initial TRO was wrong. Petitioner asked to be shielded from two things: (1) transfer outside the Middle District of Florida, and (2) removal from the United States. (Doc. 6 at 1-2.) Upon reflection, the first form of relief is unnecessary, and the second is beyond this Court's power to grant.

"[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Petitioner's transfer outside the Middle District is superfluous. We

do not issue injunctions to prevent harms that legally cannot happen. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

As for Petitioner's request to forestall his removal, the answer is similarly no. The Immigration and Nationality Act contains a jurisdiction-stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and—crucially for Petitioner—executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the statute forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021).

Staying Petitioner's removal would be to forbid the executive from doing what § 1252(g) says we cannot interfere with. "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented."

4

*Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018). Because § 1252(g) removes this Court's power to act, Petitioner's request to enjoin removal from the United States must be denied. *See, e.g., Torres-Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at *9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

### III. Conclusion

In the end, Petitioner's request fails for reasons both simple and structural. As a matter of timing, the Court cannot extend an order that expired weeks ago. And as a matter of power, the Court cannot grant the relief Petitioner ultimately seeks. Jurisdiction to challenge removal lies elsewhere, and the habeas jurisdiction this Court does possess is not threatened by Petitioner's transfer. For these reasons, Petitioner's Motion to Extend Temporary Restraining Order (Doc. 14) is **DENIED**.

**ORDERED** in Fort Myers, Florida on January 26, 2026.

Kyle C. Dudek
United States District Judge